# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY L. SLAPIKAS )
and ALICE B. SLAPIKAS )
for themselves and all others )
similarly situated, )
 )
     Plaintiffs, ) No. _____
 )
v. )
 ) *Filed Electronically*
FIRST AMERICAN TITLE )
INSURANCE COMPANY, )
 )
     Defendant. )

## NOTICE OF REMOVAL

Defendant, First American Title Insurance Company ("First American"), hereby removes this action to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division. First American states the following grounds in support of removal:

## PROCEDURAL HISTORY

1.    Plaintiffs, Anthony L. Slapikas and Alice B. Slapikas ("Plaintiffs"), filed a Complaint in the Court of Common Pleas in Allegheny County, Pennsylvania entitled <u>Anthony L. Slapikas and Alice B. Slapikas for themselves and all others similarly situated vs. First American Title Insurance Company</u>, Civil Action No. GD-05-32908. (A Copy of the Complaint served upon First American is attached hereto as Exhibit 1). No other pleading has been filed in the state court.

2.    Plaintiffs unsuccessfully attempted to serve First American on December 20, 2005 through its agent for service of process, Corporation Service Company. Service of the Complaint was effectuated by an Allegheny County sheriff's deputy on January 9, 2006. (The

1041005_1.DOC

Sherriff's Return was filed with the Prothonotary on January 17, 2006 but is currently unavailable).

## THE CLASS ACTION COMPLAINT

3. In the Complaint, Plaintiffs allege: (i) they paid $ 1,198.75 for a lender's policy of title insurance from First American in connection with their refinancing of a home mortgage in 2003; (ii) they were entitled to receive a discount on the policy premium known as a "Refinance Rate" for the lender's policy of title insurance; and (iii) First American knew they were entitled to the discounted "Refinance Rate," but instead charged them the higher "Basic Rate." (Comp. ¶¶ 23-27).

4. As a result, Plaintiffs assert they were overcharged $335.65 for the lender's policy of title insurance issued by First American. (Comp ¶ 28).

5. Plaintiffs allege that First American's conduct was a "common, routine, and customary practice and course of conduct" that affected "thousands of individuals who are residents of Pennsylvania." (Comp. ¶¶ 31, 43, 45, 46).

6. Plaintiffs bring eight causes of action against First American including: (i) breach of contract, (ii) breach of implied contract, (iii) fraud, (iv) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), (v) conversion, (vi) unjust enrichment, (vii) breach of the duty of good faith and fair dealing, and (viii) bad faith. (Comp. ¶¶ 57-101).

7. Plaintiffs seek to represent a putative class of "all owners of residential real estate in the Commonwealth of Pennsylvania who, at any time during the six years preceding the filing of this Complaint: (a) paid premiums for the purchase of title insurance from First American;

-2-

1041005_1.DOC

(b) qualified for the Reissue Rate, Refinance Rate or other discount from the Basic Rate provided in the Manual; and (c) did not receive the discount specified in the Manual." (Comp. ¶ 29).

8.  For relief, Plaintiffs seek, for themselves and the putative class, compensatory damages, punitive damages, treble damages under the UTPCPL, and attorneys' fees and expenses.  (Comp., Prayer for Relief ¶¶ 1-5).

## THE CLASS ACTION FAIRNESS ACT

9.  Congress passed the Class Action Fairness Act in February 2005 to "expand substantially federal court jurisdiction over class actions."  28 U.S.C. § 1453.  Its provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed.  *See* S. Rep. No. 109-14, at 43 (2005).  The Act was passed with the intent "that the named plaintiff(s) should bear the burden of demonstrating that a case should be remanded to state court." Id.; *see also*, H. Rep. No. 108-144, at 37-39 (2003); H. Rep. No. 109-7 (2005).

10. Pursuant to the Class Action Fairness Act, when the number of putative class members defined in the Complaint exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which…any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A); 28 U.S.C. § 1332(d)(5)(B).

11. The Class Action Fairness Act permits a district court to decline jurisdiction of a case only if the requirements of § 1332(d)(3) or § 1332(d)(4) are satisfied.  Neither section is, however, applicable here.

1041005_1.DOC

12. Section 1332(d)(3) permits a district court to decline jurisdiction only if the *defendant* is a *citizen* of the State in which the action was *originally filed* and greater than one-third but less than two-thirds of the putative class members are also citizens of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(3). First American is not a citizen of Pennsylvania; thus, this section is inapplicable.

13. Section 1332(d)(4)(B) directs a district court to decline jurisdiction only if (i) two-thirds or more of the proposed class and the *defendant* are both *citizens* of the State in which the action was *originally filed*. This section is also inapplicable since First American's citizenship is diverse from two-thirds or more of the putative class.

14. Similarly, § 1332(d)(4)(A)(i) directs a district court to decline jurisdiction only if: (i) greater than two-thirds of the members of the proposed class are citizens of the State in which the action was originally filed; (ii) one or more of the *defendants* from whom significant relief is sought are *citizens* of the State in which the action was *originally filed*; and (iii) during the three-year period preceding the filing of the class action, no other class action had been filed asserting the same or similar factual allegations against the defendant. *Id.* Likewise, this section is inapplicable.

### THE COURT HAS ORIGINAL JURISDICTION OF THIS CASE

15. The requirements for this Court's exercise of jurisdiction are clearly and unequivocally satisfied in this case.

16. Plaintiffs are citizens of the Commonwealth of Pennsylvania. (Comp. ¶ 1).

17. First American, the sole defendant in this action, is a citizen of the State of California where it is incorporated and where it has its principal place of business. (*See* Affidavit of Warren Strouse ¶ 2, attached to this notice as Exhibit 2).

1041005_1.DOC

18.   As such, members of the class are citizens of a State different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

19.   There are clearly more than 100 putative class members.  In fact, Plaintiffs allege that there are "thousands" of members of the class.  (Comp. ¶ 93).  Thus, the requirement of 28 U.S.C. § 1332(d)(2) is satisfied.

20.   The alleged damages also clearly exceed $5,000,000.  For five of the class years (1999-2004), First American issued approximately 257,947 owner's and mortgage title insurance policies at the "Basic Rate" in the Commonwealth of Pennsylvania.  (Strouse Declaration ¶¶ 3-6) (Exh. 2).  The data for 2005 is not yet complete but is expected to be comparable to the prior years, which would result in a total of approximately 300,938 policies issued at the "Basic Rate" in the class period.

21.   Although Plaintiffs only make allegations that they were entitled to receive the "Refinance Rate" on a lender's policy (i.e. mortgage policy), they seek to represent a much broader class of First American customers that allegedly were entitled to either the "Reissue Rate, Refinance Rate or other discount."  (Comp. ¶¶ 29, 31, 43, 45-46).  Although First American disputes the breadth of Plaintiffs' class allegations, the putative class Plaintiffs currently seek to represent includes First American customers who were issued either an owner's policy or mortgage policy at the "Basic Rate."  *Id*.

22.   Plaintiffs allege that First American's purported practice of charging customers a "Basic Rate" when it knew they were entitled to the "Reissue Rate, Refinance Rate, or other discount" was a "common, routine, and customary practice and course of conduct" that affected "thousands of individuals who are residents of Pennsylvania."  (Comp. ¶¶ 23-27, 31, 43, 45, 46).

-5-

1041005_1.DOC

23. Based on the number of policies issued by First American in the Commonwealth of Pennsylvania during the class period, it is clear that the $5,000,000 amount in controversy is satisfied. (*See Peter P. Fiore, Jr. v. First American Title Ins. Co.*, 2005 WL 3434074, * 3, Cause No. 05-CV-474-DRH (S.D. Ill., Dec. 13, 2005) (district court denied motion to remand because defendant showed reasonable probability that the stakes exceeded the statutory minimum of $5,000,000)(attached hereto as Exhibit 3).

24. The named Plaintiffs alone assert that they were overcharged $335.65 for the lender's policy of title insurance issued by First American and they seek treble damages under the UTPCPL totaling $1006.95. They also allege that their claim is typical and representative of the other class members. (Comp. ¶ 34). If the average damages per class member approximate the $1000 alleged by the named Plaintiffs, a putative class of only 5000 persons would satisfy the amount in controversy under the Class Action Fairness Act. If only 1.66 % of the owner's and mortgage policies issued at the "Basic Rate" by First American in Pennsylvania during the class period meet the class definition, then the $5,000,000 amount in controversy is satisfied.

25. While First American does not concede that a class can be certified or that 5,000 persons were overcharged, the class Plaintiffs seek to represent creates, at a minimum, a reasonable probability that "the matter in controversy exceeds the sum of $5,000,000…." 28 U.S.C. § 1332(d)(2)(A) and 28 U.S.C. § 1332(d)(2)(B). (Comp. ¶ 55).

26. Moreover, when a complaint seeks punitive damages as here, they are properly considered in determining whether the jurisdictional amount in controversy has been satisfied. *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240, 64 S. Ct. 5, 6 (1943); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993); *see also*, *A.F.A. tours, Inc. v.*

-6-

1041005_1.DOC

*Whitechurch*, 937 F.2d 82, 87 (2d Cir. 1991); *Klepper v. First. Am. Bank*, 916 F.2d 337, 341 (6th Cir. 1990).

27. Even if it could be said that there was a slight doubt as to whether the amount in controversy requirement is satisfied (which it cannot), the legislative history of the Class Action Fairness Act indicates that this Court should exercise its jurisdiction: "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do no in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at 42.

28. This Complaint was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania. Because First American is not a citizen of Pennsylvania, the State in which the action was originally filed, the district court does not have any grounds to decline jurisdiction under the Class Action Fairness Act. 28 U.S.C. §§ 1332(d)(3), 1332(d)(4)(A), and 1332(d)(4)(B).

**REMOVAL IS PROPER**

29. This Notice of Removal is filed within thirty days of January 9, 2005, when First American was first served with the Complaint and summons. Thus, it is timely.

30. The United States District Court for the Western District of Pennsylvania, Pittsburgh Division, embraces the county and court in which Plaintiffs filed this case. Therefore, this action is properly removed to the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 118(c), 1441(a).

1041005_1.DOC

-8-

                    Respectfully submitted,

                    COHEN & GRIGSBY, P.C.

By:  /s/Larry K. Elliott
    Larry K. Elliott (PA35261)
    E-mail:  lelliott@cohenlaw.com
    David F. Russey  (PA84184)
    E-mail:  drussey@cohenlaw.com

    11 Stanwix Street, 15th Floor
    Pittsburgh, PA  15222
    Phone:  (412) 297-4900/Fax:  (412) 209-0672

Counsel for First American Title Insurance Company

Of Counsel:

Charles A. Newman (MO24735)
(Pending Admission *Pro Hac Vice*)
Douglas W. King (MO34242)
(Pending Admission *Pro Hac Vice*)
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

Dated:  January 19, 2006

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal was served via U.S mail, postage prepaid, on this 19th day of January, 2006, on the following counsel of record:

Adrian N. Roe
Watkins Dulac & Roe P.C.
Two Gateway Center, 17 East
603 Stanwix Street
Pittsburgh, Pennsylvania 15222

Mark R. Koberna
Sonkin & Koberna Co., LPA
55 Public Square, Suite 1660
Cleveland, Ohio 44113

David D. Yeagley
Ulmer & Berne LLP
1660 West 2nd Street
Cleveland, Ohio 44112-1448

/s/Larry K. Elliott