IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY L. SLAPIKAS and ALICE B. SLAPIKAS, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>Defendant,<br><br>v.<br><br>MEZZO LAND SERVICES, LLC,<br><br>Third-Party Defendant. | CIVIL ACTION NO.  06-84<br><br>JUDGE JOY FLOWERS CONTI |

## ORDER

AND NOW this 2nd day of March, 2007, pursuant to Title 28, United States Code, section 1292(b), upon consideration of the motion to certify pursuant to 28 U.S.C. § 1292(b) and to stay proceedings jointly filed by defendant, First American Title Insurance Company, and third-party defendant, Mezzo Land Services, Inc., (Doc. No. 102), and plaintiffs' consolidated brief in opposition, (Doc. No. 110),

AND because the court is of the opinion that the order in question with respect to whether Pennsylvania's Title Insurance Act, and in particular 40 P.S. §910-44(b), provides a discretionary statutory remedy or a mandatory statutory remedy which plaintiffs are required to exhaust before

bringing this lawsuit against defendant, involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation,

IT IS HEREBY ORDERED that the motion to certify pursuant to 28 U.S.C. § 1292(b) and to stay proceedings jointly filed by defendant, First American Title Insurance Company, and third-party defendant, Mezzo Land Services, Inc., (Doc. No. 102) is GRANTED.

IT IS FURTHER ORDERED that the court hereby amends its oral order set forth on the record at the hearing held on December 21, 2006, in order to certify that oral order denying without prejudice the following: defendant's Motion to Dismiss Counts III and IV of Plaintiffs' First Amended Complaint (Doc. No. 34), third-party defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. No. 55) and Motion to Dismiss Defendant's Third Party Complaint (Doc. No. 51); and defendant's Motion for Judgment on the Pleadings (Doc. No. 67).

IT IS FURTHER ORDERED that this action is to be STAYED pursuant to 28 U.S.C. § 1292(b).

IT IS FURTHER ORDERED that plaintiffs' motion for class certification (Doc. No. 95) is DISMISSED WITHOUT PREJUDICE because it is inappropriate for the court to consider the parties' arguments concerning class certification at this time. At an appropriate time, as necessary, plaintiffs may renew their motion for class certification and the court will at that time consider the briefing that has already been filed and schedule a hearing on class certification.

The court takes note of the parties' expectations that the United States Court of Appeals for the Third Circuit may decide to certify the instant question of statutory interpretation of a state statutory scheme to the Pennsylvania Supreme Court in light of the United States Court of

Appeals for the Third Circuit's preference for certification of unclear state law questions to a state supreme court when a state's statutory scheme so permits. See <u>Michaels v. State of New Jersey</u>, 150 F.3d 257, 259 (3d Cir. 1998). Under the Pennsylvania Supreme Court's Internal Operating Procedures, the United States Court of Appeals for the Third Circuit could certify the instant issue of state law to the Pennsylvania Supreme Court. See <u>Rupert v. Liberty Mut. Ins. Co.</u>, 291 F.3d 243, 244 (3d Cir. 2002) ("The Pennsylvania Supreme Court accepts questions of law upon certification from a United States Court of Appeals or the United States Supreme Court pursuant to its Internal Operating Procedures.")(citing <u>Coady v. Vaughn</u>, 770 A.2d 287, 288 (Pa. 2001); <u>Fiore v. White</u>, 757 A.2d 842, 843 (Pa. 2000)).

                      By the court:

                      /s/ Joy Flowers Conti
                      Joy Flowers Conti
                      United States District Judge

cc:    Counsel of Record