IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY L. SLAPIKAS and ALICE B. SLAPIKAS, for themselves and all others similarly situated, | : : : No. 2:06-cv-00084-JFC |
| Plaintiffs, | : : Judge Joy Flowers Conti |
| vs. | : : *Filed Electronically* |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | : : : |
| Defendant, | : : |
| vs. | : : |
| MEZZO LAND SERVICES, LLC, | : : |
| Third-Party Defendant. | : |

**PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**

AND NOW COME Plaintiffs, Anthony L. Slapikas and Alice B. Slapikas, for themselves and all other similarly situated, by their undersigned counsel, and hereby respectfully submit their Renewed Motion for Class Certification ("Motion"). In support of this Motion, Plaintiffs state the following:

### I. PROCEDURAL BACKGROUND

1.  Plaintiffs commenced this action on December 19, 2005.

2.  On March 20, 2006, Plaintiffs filed their Motion To Certify Class Pursuant to Federal Rule of Civil Procedure 23(c)(1)(ECF Document No. 23).

3.  On December 21, 2006, the Court denied Plaintiffs' original motion for class certification without prejudice to the filing of a renewed motion for class certification

addressing on a count-by-count basis whether this case should be certified as a class action. *See Wachtell v. Guardian Life Insurance Co.*, 453 F.3d 179 (3d Cir. 2006).

4. On January 16, 2007, Plaintiffs filed their Renewed Motion to Certify Class Pursuant to Federal Rule of Civil Procedure 23(c)(1) ("Motion for Class Certification") (Document No. 95).

5. On March 2, 2007, the Court entered an Order (the "March 2 Order") (Document No. 115) dismissing without prejudice the Motion to Certify. The Court otherwise stayed proceedings pending Defendants' submission to the U.S. Court of Appeals for the Third Circuit of a petition for permission to appeal pursuant to 28 U.S.C. § 1292(b).

6. On May 25, 2007, the Third Circuit denied Defendants' petition for permission to appeal. (A true and correct copy of the Third Circuit Order has been docketed at ECF Document No. 133.)

7. The March 2 Order provides that "at an appropriate time, as necessary, plaintiffs may renew their motion for class certification and the court will at that time consider the briefing that has already been filed and schedule a hearing on class certification." *Id.* at 2.

8. In light of the Third Circuit's recent Order and the Court's March 2 Order, Plaintiffs now respectfully renew their Motion for Class Certification.

## II. GROUNDS FOR CLASS CERTIFICATION

9. Plaintiffs seek to certify the following class:

All persons in the Commonwealth of Pennsylvania who, at any time after December 19, 1999: (a) paid premiums for the purchase of residential title insurance from Defendant First American; (b) qualified for the Reissue Rate or Refinance Rate discounts provided in the Title Insurance Rate Manual filed by the Title Insurance Rating Bureau of Pennsylvania; and (c) did not

2

receive the discount specified in the Manual.

10. The named Plaintiffs are members of the Plaintiff Class.

11. The members of the Plaintiff Class are so numerous that joinder is impractical. Upon information and belief, the Plaintiff Class is comprised of thousands of individuals.

12. The size of the Plaintiff Class is not so large that management of the action as a class action will be excessively difficult.

13. There are questions of law and fact common to the members of the Plaintiff Class which questions predominate over any individual issues.

14. Plaintiffs' claims and defenses are typical of the claims of all members of the Plaintiff Class. By proving their case, Plaintiffs will simultaneously prove the case of the members of the Plaintiff Class.

15. Plaintiffs will fairly and adequately represent the Plaintiff Class. Plaintiffs are willing and able to serve as representatives of the Plaintiff Class, and have no knowledge of any possible divergent interest between or among Plaintiffs and any member of the Plaintiff Class. Plaintiffs have or can acquire adequate financial resources to assure that the interests of the Plaintiff Class will not be harmed.

16. Plaintiffs' undersigned counsel will fairly and adequately represent the interests of the Plaintiff Class. Plaintiffs' counsel have performed a substantial amount of work in identifying and investigating the potential claims of the Plaintiff Class, are knowledgeable concerning the applicable law, are experienced in handling class actions and other complex litigation, and are experienced in handling claims of the type raised in this action. Plaintiffs' counsel will commit adequate resources to representing the Plaintiff Class.

17. The prosecution of separate actions by individual members of the Plaintiff Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Plaintiff Class which would establish incompatible standards of conduct for Defendant First American Title Insurance Company ("First American").

18. The prosecution of separate actions would also create a substantial risk of adjudications with respect to individual members of the Plaintiff Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

19. This Court is an appropriate forum for the litigation of the claims of the Plaintiff Class.

20. Questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The determinative facts and legal principles apply universally to Plaintiffs and the members of the Plaintiff Class. Indeed, the predominating legal issue in this case, which cuts across the entire Plaintiff Class, is whether First American breached a legal duty universally owed to Plaintiffs and the Plaintiff Class in failing to charge the correct rates for title insurance. If liability is established on the basis of the common facts applied to the universally-applicable principles of law, then damages will readily be calculated as to each class member based on the rates stated in the Manual.

21. In light of the complexity of the issues and the expense of litigation, the separate claims of members of the Plaintiff Class are insufficient in amount to support separate actions

and, in the absence of class certification, members of the Plaintiff Class will, as a practical matter, be effectively precluded from protecting and enforcing their legal rights.

22. The interest of members of the Plaintiff Class in individually controlling the prosecution of separate actions does not outweigh the benefits to them as a result of having their claims litigated with the Plaintiff Class.

23. Plaintiffs are not aware of any litigation that has been commenced by members of the Plaintiff Class against Defendants in Pennsylvania involving any of the issues presented in this case.

24. Plaintiffs reserve the right to: (a) modify and/or supplement this Motion, the definition of the Plaintiff Class or the Proposed Order; (b) submit evidence and further briefing in support of this Motion pursuant to the orders of the Court and or such other scheduling order as may be adopted in this case; and (c) take any and all further action in furtherance of this Motion and of their rights under the applicable Civil Rules, Local Rules and orders of the Court.

In support of this motion, pursuant to the March 2 Order, Plaintiffs respectfully submit their prior Memorandum In Support of Plaintiffs' Renewed Motion for Class Certification (Document 100) and the accompanying sealed document (Document No. 101).

WHEREFORE Plaintiffs move the Court to enter the proposed Class Certification Order submitted with this motion.

Respectfully submitted,

Dated: May 31, 2007

s/Adrian N. Roe
Adrian N. Roe
 Pa. Bar No. 61391
Watkins Dulac & Roe P.C.
Two Gateway Center, 17 East
603 Stanwix Street
Pittsburgh, PA 15222
(412) 434-5544
aroe@watkinsdulac.com

Mark R. Koberna
Sonkin & Koberna Co., LPA
3401 Enterprise Parkway, Suite 400
Cleveland, OH 44122
(216) 514-8300

David D. Yeagley
Ulmer & Berne LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113-1448
(216) 583-7194

William H. Narwold
Motley Rice LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
(860) 882-1678

Mark A. Packman
Gilbert Randolph LLP
1100 New York Avenue, NW, Suite 700
Washington, DC  20005
(202) 772-2200

Counsel for Plaintiffs Anthony and Alice Slapikas on behalf of themselves and all others similarly situated

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiffs' Motion To Certify Class Pursuant To Federal Rule Of Civil Procedure 23(c)(1) was filed electronically on this the 31st day of May 2007, and was served on counsel of record by operation of the Court's electronic filing system.

Larry K. Elliott (PA35261)
E-mail: lelliott@cohenlaw.com
David F. Russey (PA84184)
E-mail: drussey@cohenlaw.com
COHEN & GRIGSBY, P.C.
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222
Phone: (412) 297-4900/Fax: (412) 209-0672

Attorneys for First American Title Insurance Company

*Of Counsel:*

Charles A. Newman (MO24735)
Douglas W. King (MO34242)
Elizabeth T. Ferrick (MO52241)
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

/S/ Adrian N. Roe
Adrian N. Roe