*Slapikas v. First American Title Insurance Corp.*, No. 2:06-cv-00084 (W.D. Pa.)
**Summary of Claims and Defenses:  Amenability to Class Treatment**

| Count/Defense | Issue | Amenability to Class Treatment |
|---|---|---|
| **Count I: Breach of Express Contract** | | |
| **Elements of Claim:** | | |
| 1) Mutual assent to the same terms; | Whether the HUD-1 evidences an express contract pursuant to which First American promised to charge the "actual" rate for title insurance. | The HUD-1, which constitutes evidence of the express contract, is a standard form identical in every material respect in every transaction. The adequacy of such evidence to establish mutual assent is a common issue as to all members of the proposed class. |
| 2) Exchanged consideration; and | Whether the parties exchanged adequate consideration. | The consideration is the same in every transaction – First American promised to charge the correct, legal premium to issue a title policy, and the consumers agreed to pay that rate.  The adequacy of such consideration is a common issue as to all members of the proposed class. |
| 3) Breach. | Whether First American breached the contract by charging an illegal, inflated premium. | The existence of a breach depends on the appropriate interpretation of the Manual, which is an issue common to the entire class. |
| **Defenses:** | | |
| 1) No express contract. | Whether the HUD-1 settlement statement, as a matter of law, can form the basis of an express contract. | Because the transactions are conducted in the same manner and the HUD-1 is a standard form, the relevant facts are common to all class members.  First American's defense therefore turns on a legal issue that is common to all members of the proposed class. |
| 2) Even if there is an express contract, First American is not a party to the contract. | Whether First American is a party to a contract that is signed by its agent. | Whether a signature is required to form an express contract, and whether First American, rather than its agent, must sign the HUD-1 in order to be a party to an express contract, are legal issues common to all members of the class. |
| | Whether First American's agents are acting in their capacities as agents when they fill-out the HUD-1s. | First American argues that its agents are acting in their individual capacities, rather than as First American's agents, when they act as closing agents, and therefore any promises made by the agents about the title insurance rates are not made on behalf of First American. First American asserts that this is true for every agent, and the facts and legal issues are therefore the same for all class members. |

*Slapikas v. First American Title Insurance Corp.*, **No. 2:06-cv-00084 (W.D. Pa.)**
**Summary of Claims and Defenses:  Amenability to Class Treatment**

| Count/Defense | Issue | Amenability to Class Treatment |
|---|---|---|
| 3) Some members of the putative class did not qualify for the discounted rates. | Whether there are any "conditions precedent" to qualification for the discounted rates, and, if so, what those conditions are. | This defense involves questions as to the application or interpretation of the Manual that apply across-the-board to every member of the proposed class. |
| 4) No breach because the rate set forth on the HUD-1 was the actual rate charged. | Whether the legal rates set forth in the Manual are incorporated into the contracts and constitute the "actual" charge for the title policies. | Because the relevant contracts are identical in all material respects, this defense involves questions of law that can be decided class-wide. |
| **Count II: Breach of Implied Contract** | | |
| **Elements of Claim:** | | |
| 1) Mutual assent to the same terms; | Whether the transactions give rise to an implied contract. | Plaintiffs allege that when a homeowner purchases a lender's title insurance policy, an implied contract is created pursuant to which First American promises to issue a title insurance policy to the consumer's lender, and the consumer promises to pay the premium for the policy. The relevant facts are identical for all consumers, so whether the transactions give rise to a contract is a common issue for all members of the proposed class. |
| | Whether the legal rates set forth in the Manual constitute an implied term of the contract. | Because the fundamental nature of the transactions is the same and the Manual applies to all consumers, this issue presents a legal question that is common to all members of the class. |
| 2) Exchanged consideration; and | Whether the parties exchanged adequate consideration. | Same as Count I. |
| 3) Breach. | Whether First American breached the contract by charging an illegal, inflated premium. | Same as Count I. |
| **Defenses:** | | |
| 1) The title insurance policy constitutes an "express" contract, which precludes any implied contracts. | Whether the implied contract claim is precluded, as a matter of law, by the existence of the title insurance policy. | This issue is purely legal and will apply equally to all class members. |

1169/004/158708.1

*Slapikas v. First American Title Insurance Corp.*, No. 2:06-cv-00084 (W.D. Pa.)
**Summary of Claims and Defenses:  Amenability to Class Treatment**

| Count/Defense | Issue | Amenability to Class Treatment |
|---|---|---|
| 2) Statute of frauds. | Whether the statute of frauds precludes a finding of an implied contract. | The alleged implied contracts are identical for all members of the proposed class.  Whether the statute of frauds applies to these contracts is an issue that will apply equally to every transaction. |
| 3) Ratification, which requires that the plaintiff have knowledge of the fraud at the time the contract is affirmed. | Whether the breach of contract claims are barred by the doctrine of ratification. | First American is apparently relying on its "filed rate doctrine" defense to impute knowledge of the fraud to the Plaintiffs and class members.  Whether the filed rate doctrine applies does not depend on individual facts; it is a legal doctrine the application of which can be determined class-wide. |
| 4) Accord and satisfaction, the elements of which are a disputed debt, a clear and unequivocal offer of payment in full satisfaction of the debt, and acceptance and retention of payment by the offeree. | Whether First American made a clear and unequivocal offer to satisfy a debt, and whether Plaintiffs or the members of the putative class accepted and retained payment. | At this stage, there is absolutely no evidence that Plaintiffs or any members of the proposed class have accepted a settlement offer from First American in connection with First American's overcharges. |
| **Count III: Fraud** | | |
| **Elements of Claim:** | | |
| 1) A representation or intentional concealment of a fact; | Whether First American made a representation. | Plaintiffs allege the same representation with regard to every transaction – First American's statement of an inflated premium as the applicable rate for title insurance.  Whether this representation satisfies the first element of fraud is an issue common to all members of the class. |
| 2) Which is material to the transaction; | Whether First American's representations as to the applicable rate for title insurance was material to the transactions. | This element can be adjudicated class-wide, because the price is clearly a material term in every transaction involving the purchase of title insurance. |
| 3) Made falsely, with knowledge of its falsity or recklessness as to its truth or falsity; | Whether the representations were false. | This issue involves questions as to the application or interpretation of the Manual that apply across-the-board to every member of the proposed class. |

3

*Slapikas v. First American Title Insurance Corp.*, No. 2:06-cv-00084 (W.D. Pa.)
**Summary of Claims and Defenses:  Amenability to Class Treatment**

| Count/Defense | Issue | Amenability to Class Treatment |
|---|---|---|
| | Whether First American had knowledge of the false representations or made the representations with recklessness as the their truth or falsity. | Plaintiffs allege that in every transaction, First American conducts a title search from which it gains actual knowledge as to whether there is evidence of prior title insurance during the look-back period.  First American also received periodic reports demonstrating that its agents were overcharging vast numbers of Pennsylvania consumers.  Accordingly, Plaintiffs can establish First American's actual knowledge and/or recklessness based on generalized proof. |
| 4) With intent of misleading another into relying on it; | Whether First American intended to mislead consumers into relying on its misrepresentations. | Evidence will confirm that, due to the standardized nature of residential real estate transactions, in each case, First American knew and expected that consumers would rely on its knowledge and expertise and would pay whatever they were told to pay. |
| 5) Justifiable reliance; and | Whether the Plaintiffs and members of the proposed class justifiably relied on First American's representations. | Plaintiffs contend that reliance is established in each case by the fact that Plaintiffs and the class members paid the inflated premiums.  Plaintiffs also intend to prove that the reliance was justified by common proof, including First American's own admissions that it knew and expected that consumers would rely on its knowledge and expertise and would pay whatever they were told to pay. |
| | Whether First American owes a fiduciary duty to the Plaintiffs and members of the proposed class. | Plaintiffs contend that reliance (and materiality) can be presumed class-wide, because First American owes its customers a fiduciary duty.  Establishing the existence of a fiduciary duty turns on the common issue of whether, in the standardized transactions at issue, First American exercised "overmastering influence."  Plaintiffs intend to prove such overmastering influence by reference to generalized proof, such as First American's uniform closing procedures.  Such generalized proof will be applicable to all members of the class. |
| 6) The resulting injury was proximately caused by the reliance. | Whether the Plaintiffs' and class members' overpayment for title insurance premiums was caused by their reliance on First American's representations. | Establishing causation will not require individual inquiries, because there is no logical cause for the Plaintiffs' and class members' overpayment other than First American's representations as to the amount owed. |

4

1169/004/158708.1

Case 2:06-cv-00084-JFC   Document 126-2   Filed 07/16/2007   Page 5 of 7

*Slapikas v. First American Title Insurance Corp.*, No. 2:06-cv-00084 (W.D. Pa.)
**Summary of Claims and Defenses:  Amenability to Class Treatment**

| Count/Defense | Issue | Amenability to Class Treatment |
|---|---|---|
| **Defenses:** | | |
| 1) Gist of the action doctrine. | Whether the "gist of the action" doctrine bars a claim for fraud. | The "gist of the action" defense will stand or fall on a common set of facts and legal principles. |
| 2) Filed rate doctrine. | Whether, under the filed rate doctrine, knowledge of the Manual's rates are imputed to the Plaintiffs and all members of the proposed class. | First American's "filed rate doctrine" defense raises a purely legal issue (whether knowledge of the filed rates is imputed to every member of the public, including every member of the proposed class) and will stand or fall on a determination as to this common legal issue. |
| 3) First American had no role in preparing the HUD-1s. | Whether First American's agents are acting in their capacities as agents when they fill-out the HUD-1s. | This defense restates First American's argument that its agents are acting in their individual capacities when they act as closing agents, and therefore any representations made by the agents are not attributable to First American.  First American's relationships with its agents are governed by uniform agreements, and whether the scope of the agency covers the agent's representations as to the applicable rate for title insurance is an issue common to all class members. |
| 4) Voluntary payment. | Whether the Plaintiffs and members of the proposed class voluntarily and without fraud or duress paid the inflated premiums with full knowledge of the facts. | As a matter of law, there can be no voluntary payment if there is fraud.  If Plaintiffs establish fraud class-wide, First American's voluntary payment defense also fails.  In addition, the defense can be decided class-wide, because there is no logical reason that Plaintiffs and the members of the proposed class would pay inflated premiums if they knew the premiums were illegal. |
| **Count IV: Unfair Trade Practices and Consumer Protection Law** | | |
| **Elements of Claim:** | | |
| 1) The purchase of goods or services primarily for personal, family or household purposes; | Whether the residential transactions at issue involve the purchase of goods or services primarily for personal, family or household purposes. | The class is defined to include only purchasers of residential title insurance.  Whether the purchase of residential title insurance constitutes the purchase of "goods or services primarily for personal, family or household purposes" is a question of law common to the class. |

5

*Slapikas v. First American Title Insurance Corp.*, No. 2:06-cv-00084 (W.D. Pa.)
**Summary of Claims and Defenses:  Amenability to Class Treatment**

| Count/Defense | Issue | Amenability to Class Treatment |
|---|---|---|
| 2) Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding; and | Whether the claims against First American establish common law fraud. | As set forth above, all elements of common law fraud are amenable to class treatment. |
| 3) Plaintiffs suffered an ascertainable loss as a result of defendant's fraudulent or deceptive conduct. | Whether the Plaintiffs and class members suffered an ascertainable loss as a result of First American's fraudulent or deceptive conduct. | Establishing ascertainable loss is amenable to class adjudication, because the loss suffered by Plaintiffs and each member of the proposed class is the same – the amount of the overcharge.  This amount is readily ascertainable by reference to the Manual. |
| **Count V: Unjust Enrichment** | | |
| **Elements of Claim:** | | |
| 1) Benefits conferred on defendant by plaintiff; | Whether the Plaintiffs and class members conferred a benefit on First American. | It is undisputed that Plaintiffs and every class member paid a premium to First American.  Whether the payment of that premium conferred a benefit on First American is an issue common to every member of the class. |
| 2) Appreciation of such benefits by defendant; and | Whether First American appreciated the benefit. | First American clearly benefited from the payment of premiums by Plaintiffs and the class members. |
| 3) Acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. | Whether First American's receipt of the amount of the overcharge is unjust. | This issue involves questions as to the application or interpretation of the Manual that apply across-the-board to every member of the proposed class.  If the Plaintiffs and class members were entitled to the discounted rates, as Plaintiffs allege, then the inequity involved in allowing First American to retain the overcharge is manifest for each class member. |
| **Defenses:** | | |
| 1) Unjust enrichment. | Whether the Plaintiffs and class members would be unjustly enriched if allowed to recover damages sought in the complaint. | Presumably, this is a variation on First American's defense that the Plaintiffs and class members did not qualify for the discounted rates.  That defense involves questions as to the application or interpretation of the Manual that apply across-the-board to every transaction. |

6

*Slapikas v. First American Title Insurance Corp.*, **No. 2:06-cv-00084 (W.D. Pa.)**
**Summary of Claims and Defenses:  Amenability to Class Treatment**

| Count/Defense | Issue | Amenability to Class Treatment |
|---|---|---|
| **Additional Affirmative Defenses** | | |
| 1) Statute of Limitations. | Whether the claims are barred by the applicable statutes of limitations. | The Plaintiffs and members of the proposed class stand on common ground with respect to their posture at the inception of this case. Determining the relevant statute of limitations period presents a legal question that can be uniformly applied to the class. |
| 2) Standing. | Whether the Plaintiffs and class members have standing. | The standing of Plaintiffs and the members of the proposed class is uniformly grounded on the injuries sustained when they were overcharged by First American for title insurance.  Whether a party that is overcharged has standing to bring suit is a common issue. |
| 3) Waiver and Estoppel. | Whether the Plaintiffs and class members waived or are estopped from asserting their claims. | First American has not asserted any facts to suggest that Plaintiffs or any members of the proposed class have waived or should be estopped from asserting the claims set forth in the Complaint. |

1169/004/158708.1