# EXHIBIT A

EVAN M. ZANIC

1

- - - -

```
 1            IN THE UNITED STATES DISTRICT COURT
 2           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
 3
 4    ANTHONY L. SLAPIKAS and      )
 5    ALICE B. SLAPIKAS,           )
 6            Plaintiffs,          )  CIVIL ACTION
 7        vs.                      )  No. 2:06-CV-00084-JFC
 8    FIRST AMERICAN TITLE INSURANCE)
 9    COMPANY,                     )
10            Defendant and        )
11            Third-Party Plaintiff,)
12        vs.                      )
13    MEZZO LAND SERVICES, LLC,    )
14            Third-Party Defendant.)
15
16
17              DEPOSITION OF EVAN M. ZANIC,
18    taken pursuant to the Federal Rules of Civil Procedure,
19    before Jean Martin Koopman, Court Reporter-Notary
20    Public in and for the Commonwealth of Pennsylvania, on
21    Thursday, October 26, 2006, at the law offices of
22    Watkins, Dulac & Roe, P.C., Two Gateway Center,
23    17 East, 603 Stanwix Street, Pittsburgh, Pennsylvania
24    15222, commencing at 9:00 o'clock a.m.
25                       - - -
```

EVAN M. ZANIC                                               124

- - - -

1   tend to be fairly lengthy, and they don't want to pay
2   a buck or two bucks a page for the copy.  They may
3   have an image of the first page of the instrument.
4       Q.   Is there anything on the mortgage document
5   itself, do you know, that reflects who acted as the
6   settlement agent of the prior transaction?
7            The reason I ask is, in Ohio I know, for
8   example, when someone handles the closing of the
9   transaction, they stamp their identity on the mortgage
10  document itself so that when things are recorded, they
11  know who to send the materials back to.
12           Do you know if that's the practice in
13  Pennsylvania as well?
14      A.   It is, but there has been a little bit of a
15  change is my understanding.  For the longest period of
16  time, that would, in fact, have been the case where the
17  settlement agent that conducted the closing would have
18  all the originals returned to them.  Many times today
19  the "Mail To:" is preprinted on the instrument going
20  back to the lender directly.
21           If that were the case, you may not see any
22  reference as to who conducted the closing with regard
23  to that mortgage.  You may; you may not.
24      Q.   If it just indicated the name of the lender,
25  presumably the lender could tell you who the settlement

JEAN MARTIN KOOPMAN COURT REPORTING SERVICE
(412) 561-8417

EVAN M. ZANIC         125

- - - -

1  agent was, if someone were inclined to find out?
2          MR. KING:  Objection, calls for
3  speculation.
4     A.   Yes.  I don't know what the lender would share
5  with you or not share if somebody were to call in that
6  case.
7          MR. DEEGAN:  Mark, can we take a
8  two-minute break?
9          (Recess from 12:00 a.m. to 12:01.)
10         (Deposition Exhibit Nos. 5 and 6
11 were marked for identification.)
12 BY MR. KOBERNA:
13    Q.   Can I identify two documents just so I won't
14 forget them when we come back?
15    A.   Yes.
16    Q.   Let me just quickly hand you Exhibits 5 and 6.
17 Is Exhibit 5 a copy of an "Agency Review Report"
18 relating to Mezzo Land Services that is Bates stamped
19 003793 through 003794?  That would be Exhibit 5?
20    A.   Exhibit 5, yes.
21    Q.   Is Exhibit 6 an "Agency Review Report", Bates
22 stamped 003795 to 003796, relating to Mezzo Land
23 Settlement, L.L.C.?
24    A.   Correct.
25    Q.   I'm not going to ask you any more questions

JEAN MARTIN KOOPMAN COURT REPORTING SERVICE
(412) 561-8417