# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY L. SLAPIKAS<br>and ALICE B. SLAPIKAS, for themselves and all<br>others similarly situated<br><br>      Plaintiffs,<br><br>      v.<br><br>FIRST AMERICAN TITLE<br>INSURANCE COMPANY,<br><br>      Defendant,<br><br>      v.<br><br>MEZZO LAND SERVICES, LLC,<br><br>      Third-Party Defendant. | Civil Action No. 06-00084 |

## **ORDER**

AND NOW, this 24th day of March 2008, upon consideration of plaintiffs' motion for class certification (Doc. No.123), all related submissions, and the hearing held on October 22, 2007, IT IS HEREBY ORDERED that plaintiffs' renewed motion for class certification is GRANTED. The following class of plaintiffs shall be certified:

> All persons in the Commonwealth of Pennsylvania who, at any time after December 19, 1999 through July 31, 2005: (a) paid premiums for the purchase of residential title insurance at the Basic or Reissue Rate from defendant First American; (b) who had either an unsatisfied mortgage from an institutional lender or a deed to a bona fide purchaser in the chain of title within ten years of the payment of the premium; and (c) did not receive a discount specified in the Title Insurance Rate Manual.

IT IS FURTHER ORDERED that the class claims and issues shall be those set forth in the First Amended Complaint (Doc. No. 21), and that the following shall serve as class counsel pursuant to Federal Rule of Civil Procedure 23(g): Adrian N. Roe and Kenneth J. Witzel of Watkins, Dulac & Roe P.C.; David D. Yeagley and Shannan L. Katz of Ulmer & Berne, LLP; Ingrid L. Moll, Suzanne L. Klok and William H. Narwold of Motley Rice; Mark R. Koberna of Sonkin & Koberna Co., LPA; and Mark A. Packman of Gilbert Randolph.

IT IS FURTHER ORDERED that the parties shall promptly meet and confer with respect to a plan of class notice that complies with Rule 23(c)(2)(B) and directs to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort, and which concisely and clearly states in plain, easily understood language: (1) the nature of the action, (2) the definition of the class certified, (3) the class claims, issues, or defenses, (4) that a class member may enter an appearance through counsel if the member so desires, (5) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and (6) the binding effect of a class judgment on class members under Rule 23(c)(3). The parties shall submit a plan of class notice that complies with these requirements within twenty (20) days from the date of entry of this Order.

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated: March 24, 2008

cc: Counsel of Record