# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY L. SLAPIKAS, ALICE B. SLAPIKAS, and IVY FODOR, for themselves and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FIRST AMERICAN TITLE INSURANCE COMPANY, <br><br> Defendant, <br><br> v. <br><br> MEZZO LAND SERVICES, LLC, <br><br> Third-Party Defendant. | Civil Action No. 06-0084 |

## MEMORANDUM OPINION

**CONTI, Chief District Judge**

Anthony L. Slapikas, Alice B. Slapikas, and Ivy J. Fodor (collectively the "named plaintiffs" or "plaintiffs") ask the court to vacate the order entered on March 7, 2014, and administratively close this case pending the Pennsylvania Supreme Court's decision in Grimes v. Enterprise Leasing Company of Philadelphia LLC., No. 4 MAP 2014, 2014 WL 349263 (Pa. Jan. 30, 2014). (ECF No. 440.) Plaintiffs argue that this relief is appropriate because: (1) the dispositive issue in this case, i.e. whether individualized proof of justifiable reliance is required under Pennsylvania's Unfair Trade Practices and Consumer Protection Law's ("UTPCPL") catchall provision, may be decided in Grimes; (2) awaiting the Pennsylvania Supreme Court's decision in Grimes will avoid the irreparable injustice that would result if plaintiffs claims are

extinguished due only to the "fortuity of the timing between proceedings in this case and the decision in Grimes;" and (3) it will avoid, for both plaintiffs and First American, the necessity and costs of further proceedings. (ECF No. 441 at 2.)[1]

For the reasons that follow, plaintiffs' motion will be denied.

**I. Procedural Background**

In this case, the named plaintiffs claim that they, and a putative class, qualified for discounted rates for title insurance policies purchased in conjunction with the refinancing of their mortgages, but that First American failed to apply the discounts, resulting in an overpayment. (ECF No. 1.) This court dismissed all common law claims against First American in October 2012, leaving only plaintiffs' UTPCPL claims. (ECF No. 324.) In July 2013, First American filed a motion for summary judgment with respect to each named plaintiff's UTPCPL claim, and a second motion to decertify the class. (ECF Nos. 366, 367.) On March 7, 2014, this court granted both motions.

The court entered judgment as a matter of law on the UTPCPL claims because the named plaintiffs failed to present sufficient evidence of justifiable reliance. The court rejected plaintiffs' theories that reliance need not be shown for each individual claim because, among other things, First American engaged in deceptive conduct and plaintiffs had a fiduciary relationship with their title insurance agents. The court relied on the Court of Appeals for the Third Circuit's decision in Hunt v. United States Tobacco Company, 538 F.3d 217 (3d Cir. 2008). In Hunt, the court of appeals held that a private plaintiff pursuing a claim under Pennsylvania's UTPCPL must individually prove justifiable reliance due to the causation

---

[1] Initially, plaintiffs argued that the March 7, 2014 entry of judgment was ineffective because the third-party claims against Mezzo Land Services, LLC were severed in 2013. (ECF No. 441 at 3-4.) The third-party claims against Mezzo Land Services have been dismissed. (ECF No. 442.)

2

requirement in that statute's standing provision, 73 Pa. Cons. Stat. § 201-9.2(a). Hunt, 538 F.3d at 227.

In addition to entering judgment as a matter of law in favor of First American on the named plaintiffs' claims, the court decertified the class because there had been clarification in the law regarding class actions since the court issued its preliminary certification ruling in 2008, and because individual questions would predominate in this case. (ECF No. 438 at 24.) For instance, the court found that "a jury will need to inquire into each transaction to establish entitlement to the reissue or refinancing rate," to determine whether each putative class member justifiably relied on line 1108 of the HUD-1, and to determine the amount of damages, (id. at 17, 24), all of which would be incompatible with the United States Supreme Court's recent decisions in Comcast and Wal-Mart. Comcast Corporation v. Behrend, 133 S. Ct. 1426, 1433 (2013); Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011). The court concluded that no plaintiff could satisfy the requirements of Rule 23 and decertified the class.

Twenty-seven days after the court's issuance of that decision, plaintiffs filed a motion to "alter or amend the judgment" pursuant to Federal Rule of Civil Procedure 59(e), "and for reconsideration." (ECF No. 440.) Plaintiffs requested oral argument in order to "further explain the nature of the relief that is being sought and the reasons why this court should grant that relief." (ECF No. 440 at 1.) The court considered plaintiffs' request, but given the voluminous submissions of the parties, on both this motion and the prior dispositive motions, and given that the instant motion can be decided on purely legal grounds that have been clearly and repeatedly briefed, the court concluded that a hearing would not assist the court and is not required.

**II. Standard of Review**

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must show at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). The same legal test is applied under Federal Rule of Civil Procedure 59(e). Blystone v. Horn, 664 F.3d 397, 415-16 (3d Cir. 2011).[2]

By reason of the interest in finality at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court already decided. Am. Beverage Corp. v. Diageo N. Am., Inc., No. 12-601, 2013 WL 4010825, at *1 (W.D. Pa. Aug. 6, 2013); Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, already made. Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Just as motions for reconsideration should not be used to relitigate issues already resolved by the court, they should not be used to advance additional arguments that could have been made by the movant before judgment. Solis v. Makozy, No. 09-1265, 2012 WL 1458232, at *1 (W.D. Pa. Apr. 27, 2012); Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part,* 57 F.3d 270 (3d Cir. 1995).

---

[2] Because the legal standards are the same, the court will not differentiate between plaintiffs' Rule 59(e) motion and their motion for reconsideration in this opinion.

**III. Discussion**

On April 3, 2014, plaintiffs filed this motion seeking to vacate the March 7, 2014 judgment for the purpose of entering an order that administratively closes the case pending the Pennsylvania Supreme Court's decision in Grimes. (ECF No. 441 at 3.) Plaintiffs' contention is that the Pennsylvania Supreme Court might change existing UTPCPL case law in Grimes, and under that potentially new law, their UTPCPL catchall claims could survive even without individualized proof of justifiable reliance. According to plaintiffs, this court's failure to vacate the March 7, 2014 judgment and stay this case indefinitely, while awaiting the decision in Grimes, will result in manifest and irreparable injustice. (Id. at 2.)

First American argues that the outcome of Grimes will not impact this case. (ECF No. 446 at 4.) First American contends that plaintiffs' claims failed because: (1) plaintiffs cannot establish justifiable reliance under the UTPCPL, and (2) plaintiffs cannot satisfy the rigorous class action requirements of Federal Rule of Civil Procedure Rule 23. (ECF No. 443 at 6.) First American argues that plaintiffs' motion fails to assert a change in law under the UTPCPL, only the possibility of a change. (Id.). First American contends that another delay in these eight-year-old proceedings would cause manifest injustice to First American. (ECF No. 443 at 10.)

For the reasons set forth herein, the court finds that there is an insufficient basis on which to vacate the March 7, 2014 order and administratively close this case pending the Pennsylvania Supreme Court's decision in Grimes. See Trunzo v. Citi Mortg., No. 11-1124, 2014 WL 1317577, at *10 (W.D. Pa. Mar. 31, 2014) (citing Hunt and the pending appeal in Grimes, and dismissing the UTPCPL claim). Plaintiffs cannot establish that there has been a change in the law since March 7, 2014, with respect to Pennsylvania's interpretation of

UTPCPL's catchall provision, or that manifest injustice will result if the March 2014 decision, which applied controlling case law in ruling on both the motion for summary judgment and for class decertification, is not vacated. This court's ruling does not preclude plaintiffs from advancing these same arguments at the Court of Appeals for the Third Circuit in an effort to convince that court to hold any direct appeal from the March 7, 2014 order in abeyance pending the Pennsylvania Supreme Court's issuance of a decision in Grimes.

### A. **Plaintiffs' Contradictory Positions**

As an initial matter, the court notes that plaintiffs did not assert in opposition to First American's motion for summary judgment, even in the alternative, that the court should stay proceedings in this case pending the outcome in Grimes. In fact, during summary judgment briefing, when First American notified this court of the Pennsylvania Supreme Court's allowance of appeal in Grimes, plaintiffs argued that the decision in Grimes was not relevant because they could "prove class wide reliance under a number of independent theories." (ECF Nos. 437 at 5 and 443 at 3.) Plaintiffs asserted that the "decision to grant review in Grimes should not affect… the course of proceedings in this case." (ECF No. 437 at 4.) In their current filings, plaintiffs contend that final judgment should be vacated so that this court can await a decision in Grimes, going so far as to argue that this court "*should have decided*…the dispositive issue in this case on the basis of the forthcoming controlling decision in Grimes." (ECF No. 441 at 2 (emphasis added).)

Plaintiffs' explanation for their reversal in position is that the legal issue presented in Grimes only became central to this case because this court granted First American's motion for summary judgment. Plaintiffs' justification is not well-founded. Whether, and how, justifiable reliance would be proven under UTPCPL was a critical issue throughout the summary

judgment and decertification briefing. It was a possibility throughout those proceedings that this court could follow the decisions cited by First American, and find that plaintiffs must prove justifiable reliance individually under Pennsylvania's UTPCPL. This court's ruling in conformance with controlling precedent, even if plaintiffs disagree with it, cannot be characterized as unforeseen and unanticipated. Nothing about this court's March 7, 2014 decision makes the appeal in Grimes, which was pending for more than a month before this court issued that decision, relevant in a way that it previously was not.

Plaintiffs could have, and should have, raised this issue earlier, even if only in the alternative. See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (denying motion for reconsideration because "[h]aving failed in its first effort to persuade the court…[plaintiff] simply changed theories and tried again, contradicting its earlier evidence with its factual support for the new theory"). The court will, nevertheless, consider the merits of plaintiffs' motion for reconsideration.

      **B.**    **The Pending Appeal in *Grimes* Has Not Changed the Law**

In Grimes, the Supreme Court of Pennsylvania granted the petition for allowance of appeal to resolve two issues, the first being pertinent to the plaintiffs' motion:

> Whether the Superior Court erred when it held that a private plaintiff who alleges deceptive conduct under the UTPCPL's "catch-all" provision, 73 P.S. § 201–2(4)(xxi), need not allege and prove justifiable reliance, contrary to the decisions of this Court, earlier decisions of the Superior Court, and federal decisions construing the UTPCPL.

Grimes v. Enterprise Leasing Co. of Philadelphia LLC., No. 488 MAL 2013, 2014 WL 349263 (Pa. Jan. 30, 2014) (now docketed at Grimes v. Enterprise Leasing Co. of Philadelphia LLC., No. 4 MAP 2014, 2014 WL 349263 (Pa. Jan. 30, 2014)). Plaintiffs argued in this case, as the Pennsylvania Superior Court held below in Grimes, that proof of justifiable reliance is not

7

required under UTPCPL's catchall provision if a plaintiff can prove deceptive conduct and an ascertainable loss, for example, by proving payment of an unlawfully inflated charge. (ECF No. 441 at 5-6.) Although this court cannot predict what the Pennsylvania Supreme Court's decision will be on this issue, as is evidenced from that court's statement of the question presented on appeal, plaintiffs' argument, and the decision below in Grimes, is "contrary to the decisions of [the Pennsylvania Supreme Court], earlier decisions of the Superior Court, and federal decisions." Grimes, 2014 WL 349263. The contrary decisions referred to by the supreme court were the decisions relied upon by this court in finding that any named plaintiff would have to prove justifiable reliance in this case. (ECF No. 438 at 10-12, 15-22.)

This court is bound to follow precedent from the Court of Appeals for the Third Circuit and the Pennsylvania Supreme Court. In the March 7, 2014 opinion, this court reviewed controlling precedent in detail, noting that the Pennsylvania Superior Court's decision in Grimes contradicted it. (ECF No 438 at 20-21.) The court applied the law, as it existed in March 2014, and found that plaintiffs failed to adduce evidence that they relied on line 1108 of the HUD-1 in deciding to refinance their mortgages and could not rely on alternative theories, such as a deceptive overcharge, as a substitute for justifiable reliance. Therefore, the named plaintiffs could not survive summary judgment on their individual UTPCPL claims. (ECF No. 438 at 13-17.) The law has not changed since March 2014. Although a ruling in Grimes could possibly result in a change in the law, which could bolster plaintiffs' individual UTPCPL claims, no such change has taken place to date.

Plaintiffs cannot rely on a change in the law to support their motion for reconsideration. They also cannot establish manifest injustice. This court's application of controlling legal precedent cannot be characterized as an injustice of any kind. Plaintiffs' motion

8

for reconsideration of the order granting First American's motion for summary judgment on their individual claims will be denied on that basis.

### C. *Grimes* Will Not Impact this Court's Decision to Decertify the Class

Even if the Pennsylvania Supreme Court's decision in Grimes was to change the requirement that an individual plaintiff prove justifiable reliance under UTPCPL's catchall provision, that ruling would have no effect on this court's decision to decertify the class. The class in the instant case would still fail to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. (ECF No. 438 at 9-10); Comcast, 133 S. Ct. at 1433; Wal-Mart, 131 S. Ct. at 2551. Even if justifiable reliance need not be proven on an individual basis, plaintiffs' claims will still require an evaluation into each transaction to establish, for example, that each class member previously purchased title insurance within the discount timeframe and to which of the two title insurance discounts the class member was entitled. Because a jury will need to inquire into each transaction, a "one stroke" resolution is impossible to achieve, making certification of a class improper in this case. Wal-Mart, 131 S.Ct. at 2551; see Alberton v. Commonwealth Land Title Ins. Co., No. 06-3755, 2014 WL 1643705, at *10 (E.D. Pa. Apr. 24, 2014) (the outcome of Grimes will not impact this case because "the court cannot answer on a class wide basis whether the proper discount rate was denied to each member of the class").

Individualized fact-finding will also be required to determine damages across the class, which is incompatible with Comcast's requirement that plaintiffs provide a system for finding damages that does not include individual fact-finding. Comcast, 133 S. Ct. at 1433; In re Community Bank of Northern Virginia, 418 F.3d 277, 303 (3d Cir. 2005). Certifying a class for which damages cannot be proven on a class wide basis is inefficient and improper. Here, each plaintiff will need to present individual facts specifying the amount of the overcharge, i.e., the

monetary difference between the amount charged and their alleged entitled rate. (ECF No. 438 at 26.) Ultimately, the court will be required to parse out the details of each transaction and individual issues will continue to predominate over questions common to the class, regardless of the outcome in Grimes. Comcast, 133 S. Ct. at 1433. "Questions of individual damage calculations will inevitably overwhelm questions common to the class." Id.

Plaintiffs confront Comcast in their motion for reconsideration by restating several of their previous arguments, and by noting that the issue of class wide treatment of damages was not directly before this court because damages were bifurcated from liability. (ECF No. 441 at 6.) The fact that the court previously bifurcated liability from damages is not dispositive. In determining class certification, a court must assess the susceptibility of plaintiffs' entire claim to class treatment. In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 310 (3d Cir. 2008) (trial courts are "well-positioned to decide which facts and legal arguments are most important to each Rule 23 requirement" and "possess broad discretion to control proceedings and frame issues for consideration"). Comcast requires that plaintiffs provide a sound methodology for determining damages across the class, which plaintiffs failed to do. Comcast, 133 S. Ct. at 1433.

For each of these reasons, even assuming the Pennsylvania Supreme Court was to change the requirements for a UTPCPL catchall claim in Grimes, plaintiffs' claims are still incompatible with Federal Rule of Civil Procedure 23, and are not entitled to class treatment. Therefore, Grimes, even if decided favorably to plaintiffs, would not revive plaintiffs' class action. Plaintiffs' motion for reconsideration of the order granting the motion to decertify will be denied on that basis.

## IV. Conclusion

For the foregoing reasons, plaintiffs' motion will be denied. An appropriate order will be filed contemporaneously with this opinion.

June 19, 2014                                    BY THE COURT:


                                                    */s/ Joy Flowers Conti*
                                                  JOY FLOWERS CONTI
                                                  Chief U.S. District Court Judge